IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRITTANY RILEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 4:18cv735 |
| VS. | § | |
| | § | Jury Trial Demanded |
| CITY OF HOUSTON, | § | |
| | § | |
| Defendant, | § | |

# COMPLAINT

Plaintiff Brittany Riley files this Complaint against Defendant City of Houston.

## Parties

1. Plaintiff Brittany Riley is an individual residing in Brazoria County, Texas.

2. Defendant City of Houston ("the City") is a municipality in Harris County, Texas. The City may be served through the City Secretary, Anna Russell, 901 Bagby, Houston, TX 77002.

## Jurisdiction and Venue

3. This Court has federal question jurisdiction because the case arises under the Family and Medical Leave Act (FMLA).

4. Venue is proper because all of the events in question occurred in this District.

## Claim for Relief

5. Ms. Riley worked as a 9-1-1 Telecommunicator at the City's Houston Emergency Center (HEC), which handles 911 calls. Ms. Riley started work on May 8, 2017, and was terminated on February 19, 2018.

6. Ms. Riley had previous jobs with the city in 2009 and 2014. When the City hired her for the HEC, the City assured her that she would have credit for all of her previous employment.

1

Including the prior stints, Ms. Riley's total employment exceeded twelve months. 29 C.F.R. § 825.110(b). Ms. Riley worked more than 1,250 hours. Ms. Riley is an "eligible employee" for purposes of the FMLA.

7. The City is a public agency within the meaning of 29 U.S.C. § 203(x). The City is therefore an "employer" for purposes of the FMLA.

8. Ms. Riley took FMLA leave from January 31, 2018, to February 6, 2018, to care for her father, who had a serious health condition. On January 30, 2018, the FMLA Coordinator provided a Notice of Eligibility. The regulations implementing the FMLA required the City to provide this notice within five days of learning that the requested leave may be covered by the FMLA. 29 C.F.R. § 825.300(b)(1). If the City wished to deny eligibility, "the notice must state at least one reason why the employee is not eligible." *Id.* § 825.300(b)(2). The Notice of Eligibility did not state such a reason, and instead it stated that Ms. Riley was eligible.

9. The regulations implementing the FMLA also required the City to issue a Designation Notice "[w]hen the employer has enough information to determine whether the leave is being taken for a FMLA-qualifying reason." *Id.* § 825.300(d)(1). On February 6, 2018, the FMLA Coordinator provided a Designation Notice stating "Your FMLA leave request is 'APPROVED.'"

10. Ms. Riley returned from leave on February 7, 2018. Then, on February 13, 2018, the FMLA Coordinator issued an FMLA Disapproval Notification, claiming that Ms. Riley was not eligible for FMLA leave. The FMLA does not permit a retroactive denial of eligibility, and in fact the City's failure to comply with the notice requirements constitutes an interference with Ms. Riley's FMLA rights. *Id*. § 825.300(c).

11. As discussed above, Ms. Riley had previous stints of employment with the City that must be aggregated with her time at the HEC, so that she was in fact eligible for FMLA leave. But even if that was not the case, Ms. Riley relied to her detriment on the Notice of Eligibility and the Designation. The City is estopped from denying that she is eligible for FMLA leave. *Minard v. ITC Deltacom Communs., Inc.*, 447 F.3d 352, 357 (5th Cir. 2006).

12. Nonetheless, the City proceeded to terminate Ms. Riley based on the absences that should have been covered by the FMLA. Division Manager James Wheeler submitted a recommendation that Ms. Riley be terminated for missing this time, and HEC Director David Cutler approved it. The City terminated Ms. Riley on February 19, 2018,

13. Afterwards, Ms. Riley brought all of these facts to Mr. Cutler's attention through her counsel, and she gave the City an opportunity to correct its violation of the FMLA. The City elected to ignore the letter.

14. All conditions precedent have occurred or been satisfied.

15. The City violated the FMLA (a) by interfering with Ms. Riley's rights under the FMLA when it failed to properly process her under the FMLA and (b) by then terminating her for taking leave that was protected under the FMLA. The City is therefore liable to Ms. Riley for back pay, loss of benefits, 100% liquidated damages, reinstatement or in the alternative front pay, attorneys' fees, pre- and post-judgment interest as provided by law, and all costs of court.

For the foregoing reasons, the City should be cited to appear and answer and, upon final hearing, the Court should enter judgment in favor of Ms. Riley and against the City for back pay, loss of benefits, liquidated damages, reinstatement or in the alternative front pay, attorneys' fees, pre- and post-judgment interest as provided by law, all costs of court, and any other relief to which he may be entitled.

Respectfully submitted,

/s/ David C. Holmes
David C. Holmes, Attorney in Charge
State Bar No. 09907150
Southern District No. 5494
13201 Northwest Freeway, Suite 800
Houston, Texas 77040
Telephone: 713-586-8862
Fax: 713-586-8863

ATTORNEY FOR PLAINTIFF