UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRITTANY RILEY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-735 |
| | § | |
| CITY OF HOUSTON, | § | |
| | § | |
| *Defendant*. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court are a motion for summary judgment (Dkt. 14) filed by plaintiff Brittany Riley and a cross-motion for summary judgment (Dkt. 15) filed by defendant City of Houston (the "City"). Having considered the motions, responses, reply, record evidence, and applicable law, the court is of the opinion that both motions should be DENIED.

### I. BACKGROUND

Plaintiff Brittany Riley alleges that the City interfered with her Family and Medical Leave Act ("FMLA") rights. Dkt. 1 at 3. Riley worked for the City as a 911 operator from May 8, 2017 until her employment was terminated on February 19, 2018. *Id.* at 1. Riley previously worked for the City for two months in 2009 and two months in 2014. Dkt. 14-1 at 2.

Before being considered a civil service employee, the City requires a probationary period of twelve consecutive months for new employees. Dkt. 15-1 at 11. On December 4, 2017, during Riley's probationary period, she was counseled for attendance problems. Dkt. 15-1 at 15. In January 2018, Riley needed to care for her hospitalized father. *Id.* Riley spoke with Shirley Blackshear, the City's FMLA Coordinator, who initially approved Riley's requested FMLA leave from January 31, 2018, to February 7, 2018. Dkt. 14-1 at 8. However, on February 13, 2018, Riley received an

FMLA disapproval notification. *Id.* at 10. She was fired six days later. *Id.* The City alleges it fired Riley during her probationary period because of absences unrelated to her FMLA leave. Dkt. 15 at 6. Her termination letter stated that she could not appeal the decision. Dkt. 15-1 at 14.

The City alleges the initial approval was a mistake. Dkt. 15-1 at 32–33. The City claims that Riley had not worked 1250 hours and one full year required for FMLA eligibility. *Id.* The City did not retract any time or pay for the erroneously approved FMLA application. Dkt. 15-1 at 33. Riley then filed this suit against the City. Dkt. 1.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(c). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

"'On cross-motions for summary judgment, [the court] review[s] each party's motion independently, viewing the evidence and inferences in the light most favorable to the non-moving party.'" *Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010) (quoting *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001)).

# III. ANALYSIS

Both parties move for summary judgment with respect to the City's liability under the FMLA and liquidated damages. Dkts. 14, 15.

## A.   Interference claim

Riley's sole claim against the City is FMLA interference. Dkt. 1; Dkt. 14 at 7. To prevail on an interference claim under the FMLA, a plaintiff must show that "(1) she is an eligible employee under the FMLA, (2) the defendant is an employer subject to the requirements of the FMLA, (3) she was entitled to FMLA leave, (4) she gave notice to the defendant of her intention to take FMLA leave, and (5) the defendant denied her the benefits to which, under the FMLA, she was entitled." *Lanier v. Univ. of Texas Sw. Med. Ctr.*, 527 F. App'x 312, 316 (5th Cir. 2013).

First, the parties dispute Riley's FMLA eligibility. An employee is "eligible" for FMLA leave if the employee has been employed "for at least 12 months by the employer" and "for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A). The FMLA does not require the twelve months to be consecutive as long as there was not a seven-year break in employment. 29 C.F.R. § 825.110(b). Riley was employed with the City of Houston for the required twelve months, without a seven year break. Dkt. 14-1 at 4, 16–51 Additionally, Riley presented sufficient evidence that she worked the required 1250 hours during the previous twelve month period. *Id.*; Dkt. 18-1 at 3. The court finds, as a matter of law, that Riley is an eligible employee under the FMLA.[1]

---

[1]Riley also argued that the City was estopped from contesting Riley's eligibility. Dkt. 14 at 5–7. Because the court determined, as a matter of law, that Riley was eligible for FMLA leave, the court need not consider the estoppel argument briefed by the parties.

Further, the court need not address all elements of an interference claim because the court finds a genuine issue of material fact as to the fifth element—whether the defendant denied Riley the benefits to which she was entitled under the FMLA. Riley argues that this element is undisputed because the City retroactively denied her FMLA leave and then fired her. Dkt. 14 at 8. Here, there is a genuine issue of material fact surrounding the reason for Riley's termination. Tellingly, both parties point to the same evidence—Riley's termination letter—as summary judgment evidence. The letter says that Riley was terminated "due to unsatisfactory attendance during Ms. Riley's probationary period." Dkt. 14-1 at 11. The letter goes on to explain that "despite the counseling, she continued to accumulate unscheduled time during her probationary period" and "[u]nacceptable attendance patterns (non-FMLA)" are a violation of a city policy. *Id.* The City argues that this language shows that Riley was fired because of her excessive non-FMLA absences during her probationary period with the City. Dkt. 15 at 8, 12; Dkt. 15-1 at 13. On the other hand, Riley argues that she was not terminated because of her previous attendance issues because she did not take additional unscheduled leave after being counseled for attendance. Dkt. 18 at 2. Rather, Riley alleges that the City retroactively denied her FMLA leave and counted that time as unscheduled leave. *Id.*

Neither party has proffered summary judgment evidence that conclusively shows why Riley was terminated. A reasonable juror could look at the evidence presented and conclude that Riley was fired because of her attendance issues prior to her FMLA leave. However, a reasonable juror could also find that Riley was fired because she took FMLA leave. Thus, there is a genuine issue of material fact as to whether the City interfered with Riley's FMLA rights when it terminated her employment. Both the City of Houston's and Riley's motions for summary judgment as to the City of Houston's liability under the FMLA are DENIED.

**B.     Liquidated damages**

Finally, because the court is not granting summary judgment as to the City's liability under the FMLA, both parties' motions regarding the City's liability for liquidated damages are DENIED

**IV. CONCLUSION**

Riley's motion for summary judgment (Dkt. 14) is DENIED. The City's motion for summary judgment (Dkt. 15) is also DENIED.

Signed at Houston, Texas on March 14, 2019.

_____
Gray H. Miller
Senior United States District Judge